**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TAREK ELKHOLY,** *et al***.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.: 23-306** |
| **THE ROYAL EMBASSY OF THE KINGDOM OF SAUDI ARABIA,** *et al***.,** | |
| **Defendants.** | |

**PLAINTIFFS OPPOSITION TO DEFENDANTS THE ROYAL EMBASSY OF THE
KINGDOM OF SAUDI ARABIA AND THE KINGDOM OF SAUDI ARABIA'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION TO STRIKE
PLAINTIFFS' PUNITIVE DAMAGES DEMAND**

COMES NOW Plaintiffs, Tarek Elkholy (hereinafter "Elkholy"), Atef Tawfik Hanna (hereinafter "Hanna"), Iman Gariballa (hereinafter "Gariballa"), Muhammad Bashir (hereinafter "Bashir"), and Abdalla Zamrawy (hereinafter "Zamrawy") (collectively "Plaintiffs"), by and through undersigned counsel, and, pursuant to Local Rule 7(b) and (c) of the Rules of the U.S. District Court for the District of Columbia, hereby submit this Memorandum of Points and Authorities in Opposition to the Defendants The Royal Embassy of the Kingdom of Saudi Arabia and The Kingdom of Saudi Arabia's Motion to Dismiss Plaintiffs Complaint and Motion to Strike Plaintiffs' Punitive Damages Demand (ECF 29)[1]. Plaintiffs, pursuant to Local Rule 7(f) of the Rules of the U.S. District Court for the District of Columbia requests an oral hearing if the Court deems such to be warranted.

---

[1] When citing electronic filings throughout this Opposition and related Memorandum, Plaintiffs cites to the ECF header page number, not the original page number of the filed document.

WHEREFORE, by all these presents, counsel for Plaintiffs respectfully request that Defendants' Motion to Dismiss Plaintiffs' Complaint and Motion to Strike Plaintiffs' Punitive Damages Demand be denied.

Respectfully submitted,

_____/s/ Sylvia J. Rolinski_____
Sylvia J. Rolinski, Esq.
D.C. Bar No.430573
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Office: (301) 987-0202
Fax: (301) 263-7100
Email: SJR@Rolinski.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April 2024, I caused a true and correct copy of the foregoing and Memorandum in support thereof to be served to all counsel of record via CM/ECF.

_____/s/ Sylvia J. Rolinski_____
Sylvia J. Rolinski, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... i

I.     PRELIMINARY STATEMENT OF PROCEEDINGS ............................................ 1

II.    INTRODUCTION ........................................................................................ 2

III.   APPLICABLE STANDARD OF REVIEW .......................................................... 2

    A.   Rule 12(B)(1) For Lack Of Subject Matter Jurisdiction: ............................... 3

    B.   Rule 12(B)(6) For Failure To State A Claim Upon Which Relief Can Be Granted: .. 4

IV.   BRIEF STATEMENT OF FACTS ...................................................................... 6

    A.   Facts Common To All Plaintiffs: ................................................................ 6

       1.   Tarek Elkholy: ...................................................................................... 7

       2.   Atef Hanna: ........................................................................................... 7

       3.   Iman Gariballa: ..................................................................................... 8

       4.   Muhammad Bashir: ............................................................................... 8

       5.   Abdalla Zamrawy: ................................................................................. 9

V.    ARGUMENT ................................................................................................ 10

    A.   This Court Should Also Refuse To Take Judicial Notice Of The Web Pages Of Foreign Governments For Lack Of Reliability: .............................................................. 11

    B.   The Motion To Dismiss On Rule 12(B)(1) For Lack Of Subject-Matter Jurisdiction Should Be Denied Because The Defendants Do Not Enjoy Immunity Under The Foreign Sovereign Immunities Act: .............................................................................. 13

    C.   Plaintiffs Count I-ADEA And III-ADA And Plaintiffs Elkholy, Hanna, Bashir And Zamrawy Count II-DCHRA Age Discrimination Claims Do Not Warrant Rule 12(B)(6) Dismissal For Failure To Exhaust Administrative Remedy And Are Not Time Barred Due To Equitable Tolling: ............................................................................................... 15

    D.   Plaintiffs Gariballa Bashir And Zamrawy Breach Of Contract Claims Are Not Time Barred And Rule 12(B)(6) Motion Should Be Denied: ............................................. 17

    E.   The Motion To Dismiss Based Ekholy's Count II DCHRA Should Be Denied: ....... 19

    F.   The Motion To Dismiss Plaintiff Gariballa's Breach Of Contract Claim, Count IV, Based On Prior Agreement And Release Should Be Denied: ....................................... 19

    G.   The Motion To Dismiss Based On *Forum Non Conveniens* As To Plaintiffs' Elkholy, Hanna, Bashir And Zamrawy Claims Should Be Denied: .......................................... 20

    H.   The Motion To Strike Plaintiffs Demand For Punitive Damages Should Be Denied: 24

CONCLUSION .............................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Agrocomplect, AD v. Republic of Iraq*,
    524 F. Supp 2d 16 (D.D.C. 2007)..................................................................................3

*Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*,
    525 F.3d 8 (D.C. Cir. 2008)........................................................................................4

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..............................................................................................3, 5

*Armanda V Republic of Columbia*,
    821 F. Supp. 2d 268 (D.D.C. 2011)...........................................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................4

*Bass v. Bair*,
    514 F.Supp.2d 96 (D.D.C.2007)...............................................................................15

*Beer v Islamic Republic of Iran*,
    789 F. Supp. 14 (D.D.C. 2011).................................................................................24

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................4

*Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*,
    734 F.3d 1175 (D.C. Cir. 2013).................................................................................6

*Bolivarian Republic of Venez. V. Helmerich & Payne Int'l Drilling Co.*,
    581 US 179-180 (2017) ...........................................................................................12

*CapitalKeys, LLC v. Dem. Rep. Congo*,
    No. 15-cv-2079 (KBJ), 2021 WL 2255362 (D.D.C. June 3, 2021)...........................5

*Charles v. Brennan*,
    174 F.Supp.3d97 (D.D.C. 2016)...............................................................................17

*Chevron Corp. v. Ecuador*,
    795 F.3d 200 (D.C. Cir. 2015)...................................................................................5

*Chung v. U.S. Dep't of Justice*,
    333 F.3d 273 (D.C.Cir.2003)....................................................................................18

*Coal. for Underground Expansion v. Mineta*,
    333 F.3d 193 (D.C. Cir. 2003)...................................................................................4

*Colbert v. Potter*,
  471 F.3d 158 (D.C.Cir.2006) ...................................................................................15

*Crum v. Kingdom of Saudi Arabia*,
  2005 WL 3752271 (E.D. Va. 2005) ..........................................................................14

*D&S Consulting, Inc. v. Kingdom of Saudi Arabia*,
  961 F.3d 1209 (D.C. Cir. 2020) ...........................................................................22, 23

*D&S Consulting, Inc. v. Kingdom of Saudi Arabia*,
  No. 17-0787 (D.D.C. 2018) ..................................................................................19, 23

*Dahlman v. Am. Ass'n of Retired Persons*,
  791 F.Supp.2d 68 (D.D.C.2011) ...............................................................................15

*Dahman v. Embassy of the State of Qatar*,
  364 F. Supp. 3d 1 (D.D.C. 2019) ..............................................................................23

*Dahman v. Embassy of the State of Qatar*,
  815 F. App'x 554 (D.C. Cir. 2020) (dismissed on other grounds) .............................10, 11, 23

*Daliberti v. Republic of Iraq*,
  97 F. Supp. 2d 38 (D.D.C. 2000) .................................................................................3

*Davis v. Joseph J. Magnolia, Inc.*,
  640 F. Supp. 2d 38 (D.D.C. 2009) ....................................................................7, 17, 21

*Dowley v. Dewey Ballantine, LLP*,
  No. CIV.A. 05-622(EGS), 2006 WL 1102768 (D.D.C. Apr. 26, 2006) .........................20

*Dyson v. District of Colombia*,
  710 F.3d 415 (D.C. Cir. 2013) ...................................................................................17

*E.E.O.C. v. St. Francis Xavier Parochial Sch.*,
  117 F.3d 621 (D.C. Cir. 1997) ...............................................................................5, 11

*El-Hadad v. United Arab Emirates*,
  496 F.3d 658 (D.C. Cir. 2007) .....................................................................10, 13, 14, 24

*Ellison v. Napolitano*,
  901 F.Supp.2d 118 (D.D.C.2012) ..............................................................................15

*Fortune v. Holder*,
  767 F.Supp.2d 116 (D.D.C.2011) ..............................................................................15

*Gordon v. Nat'l Youth Work All.*,
  675 F.2d 356 (D.C. Cir. 1982) .....................................................................................5

*Greer v. Board of Trustees of University of District of Columbia*,
113 F.Supp.3d 297 ..................................................................................................25

*Gulf Restoration Network, Inc. v. Nat'l Marine Fisheries, Serv.*,
730 F. Supp. 2d 157 (D.D.C. 2014) ...........................................................................5

*Imperial Valet, Inc. v. Woodard*,
No. 14-CV-01585 (APM), 2015 WL 13158506 (D.D.C. Mar. 24, 2015) .............20

*In re Islamic Republic of Iran Terrorism Litig.*,
659 F.Supp.2d at 42 .................................................................................................18

*Kato v. Ishihara*,
360 F.3d 106 (2d Cir.2004)......................................................................................14

*Land v. Dollar*,
330 U.S. 731 (1947)...................................................................................................4

*Lopez v. District of Columbia*,
2024 WL 1344435 .....................................................................................................7

*MacArthur Area Citizens Ass'n v. Republic of Peru*,
809 F.2d 918 (D.C. Cir.), modified, 823 F.2d 606 (D.C. Cir. 1987) ......................10

*Miller v. Downtown Bid Servs. Corp.*,
281 F. Supp. 3d 15 (D.D.C. 2017) (Walton, J.) ......................................................12

*Miller v. Rosenker*,
567 F. Supp. 2d 158 (D.D.C. 2008) .........................................................................18

*Mondy v. Sec'y of the Army*,
845 F.2d 1051 (D.C.Cir.1988) .................................................................................15

*Murray v. Wells Fargo Home Mortg.*,
953 A.2d 308 (D.C.2008) .........................................................................................17

*Neighborhood Assistance Corp. of Am. v. Consumer Fin. Prot. Bureau*,
907 F. Supp. 2d 112 (D.D.C. 2012)...........................................................................3

*Neitzke v. Williams*,
490 U.S. 319 (1989)....................................................................................................5

*Nelson v. Insignia/Esg, Inc.*,
215 F. Supp. 2d 143 (D.D.C. 2002)..........................................................................22

*Park v. Howard Univ.*,
71 F.3d 904 (D.C. Cir. 1995) ...................................................................................16

*Pharmaceutical Research and Manufacturers of America v. Department of Health and Human Services,*
   43 F. Supp. 3d 28 (D.D.C. 2014) ...................................................................................12

*Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Mewcomb Securities Co.,*
   751 F.2d 1262 (D.C. Cir. 1985) ......................................................................................5

*Practical Concepts, Inc. v. Republic of Bolivia,*
   811 F.2d 1543 (D.C. Cir. 1987) .....................................................................................14

*Proctor v. District of Columbia,*
   74 F. Supp 436,455-456 (D.D.C. 2014) .........................................................................15

*Proctor v. District of Columbia,*
   74 F. Supp 436 (D.D.C. 2014) .......................................................................................15

*Ryan v. BuckleySandler, LLP,*
   69 F. Supp. 3d 140 (D.D.C. 2014) ...........................................................................20, 22

*Sacks v. Reynolds Securities, Inc.,*
   593 F.2d 1234 (D.C. Cir. 1978) ......................................................................................5

*Saudi Arabia v. Nelson,*
   507 U.S. 349 (1993) ................................................................................................12, 14

*Scherk v. Alberto-Culver Co.,*
   417 U.S. 506 (1974) ......................................................................................................24

*Scheuer v. Rhodes,*
   416 U.S. 232 (1974) ........................................................................................................3

*Schuler v. Pricewaterhouse Coopers, LLP,*
   514 F.3d 1365 (D.C. Cir. 2008) .................................................................................7, 17

*Sellers v. Anthem Life Ins. Co.,*
   316 F. Supp. 3d 25 (D.D.C. 2018) ..................................................................................4

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
   549 U.S. 422 (2007) ......................................................................................................20

*Smith v. Dalton,*
   971 F.Supp. 1 (D.D.C.1997) ..........................................................................................15

*Strong–Fischer v. Peters,*
   554 F.Supp.2d 19 (D.D.C.2008) ....................................................................................15

*Sununu v. Philippine Airlines, Inc.,*
   792 F.Supp. 2d 39 (D.D.C. June 20, 2011) ...................................................................19

*Terveer v. Billington*,
   No. 121290, 34 F.Supp.3d 100, 2014 WL 1280301 (D.D.C Mar. 31, 2014) ........................15

*Valore v. Islamic Republic of Iran*,
   700 F. Supp.2d 52 (D.D.C. 2010) ....................................................................................18, 19

*Weiss v. Kay Jewelry Stores, Inc.*,
   470 F.2d 1259 (D.C. Cir. 1972) .............................................................................................5

*Wilson v. Commc'ns Workers of Am.*,
   767 F. Supp. 304 (D.D.C. 1991) ..........................................................................................17

*Youssef v. Embassy of the United Arab Emirates*,
   2021 WL 3722742 (D.D.C. 2021) ................................................................................ *passim*

**Statutes**

28 U.S.C.A § 1605A ...........................................................................................18, 19, 24

U.S.C. § 1330(a) ..............................................................................................................10

28 U.S.C. 1608 (a)(3) ........................................................................................................2

28 U.S.C. 1608 (a)(4) ........................................................................................................2

28 U.S.C. § 1330(b) .........................................................................................................10

28 U.S.C. § 1605(a)(2) .....................................................................................................10

28 U.S.C. § 1606 .............................................................................................................24

ADEA .........................................................................................................................2, 21

D.C. Code § 12-301(7) .....................................................................................................17

DCHRA ..............................................................................................................2, 18, 21

Foreign Sovereign Immunities Act ..................................................................................2

FSIA ....................................................................................................................... *passim*

FSIA amendments ............................................................................................................24

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TAREK ELKHOLY,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.: 23-306** |
| **THE ROYAL EMBASSY OF THE KINGDOM OF SAUDI ARABIA,** *et al.*, | |
| **Defendants.** | |

**PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS THE ROYAL EMBASSY OF THE KINGDOM OF SAUDI ARABIA AND THE KINGDOM OF SAUDI ARABIA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND MOTION TO STRIKE PLAINTIFFS' PUNITIVE DAMAGES DEMAND**

The Royal Embassy of the Kingdom of Saudi Arabia (hereinafter "the Embassy") and the Kingdom of Saudi Arabia (hereinafter "the Kingdom") (collectively referred to as "Defendants") have, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed the instant Motion to Dismiss Plaintiffs Complaint And To Strike The Punitive Damages demand made therein. For the reasons set forth below, the instant Motion to Dismiss and Strike must be denied.

## I.      PRELIMINARY STATEMENT OF PROCEEDINGS

This action was commenced on February 3, 2023, with Plaintiffs, Tarek Elkholy (hereinafter "Elkholy"), Atef Tawfik Hanna (hereinafter "Hanna"), Iman Gariballa (hereinafter "Gariballa"), Muhammad Bashir (hereinafter "Bashir"), and Abdalla Zamrawy (hereinafter "Zamrawy") (collectively "Plaintiffs") Complaint, ECF 1[2], against The Embassy and the Kingdom. The Complaint sounds in four counts:

> Count I – Age discrimination in violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §621 *et seq.*, as to Elkholy, Hanna, Bashir, and Zamrawy;

---

[2] As is reflected on the docket, on February 6, 2023, Plaintiffs filed an errata Updated Complaint harmonizing the paragraph numbers in the initially filed Complaint. ECF 4.

<u>Count II</u> – Age discrimination in violation of the DC Human Rights Act (hereinafter "DCHRA"), D.C. Code § 2-1401.01 *et seq.*, as to Elkholy, Hanna, Bashir, and Zamrawy;

<u>Count III</u> – Disability Discrimination in violation of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101 *et seq.*, as to Gariballa, Bashir, and Zamrawy; and

<u>Count IV</u> – Breach of Contract, as to all Plaintiffs.

Plaintiff commenced service of process pursuant to 28 U.S.C. 1608 (a)(3) ECF 14 and 15; Defendants declined to accept said service. ECF 17. Subsequently, Plaintiffs commenced service of process pursuant to 28 U.S.C. 1608 (a)(4) which is still pending with the U.S. Department of State. ECF 18-23. On August 2, 2024, Defendants entered a special appearance and filed the instant motion.

## II.    INTRODUCTION

Plaintiffs were long term exemplary employees of Defendants at The Embassy of the Kingdom to the United States in Washington, D.C. before they were respectively terminated because of discrimination based on age as to Elkholy, Hanna, Bashir and Zamrawy and disability as to Gariballa, Bashir and Zamrawy. Defendants breached their respective contracts with all Plaintiffs as to various promised compensation arising from contracts, decrees and bargained for promises. Plaintiffs seek relief and compensation for their losses against the Defendants, including, under the ADEA and the DCHRA, as permitted against a foreign state and its agencies or instrumentalities under the commercial activity exception to sovereign immunity set forth in the Foreign Sovereign Immunities Act (FSIA). Plaintiffs demand for punitive damages is not precluded by the FSIA trend for punitive damages and its allowance under the ADEA and the DCHRA. For the reasons set forth fully below, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

## III.    APPLICABLE STANDARD OF REVIEW

Defendants' Motion to Dismiss before this Court is based on Fed. R. Civ. P. 12(b)(1) and (6). ECF 29. Federal Rule of Civil Procedure 12(b) reads in pertinent part:

. . . [A] party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction…
(6) failure to state a claim upon which relief can be granted…

Fed. R. Civ. P. 12(b).

In a motion to dismiss an FSIA claim, "the Court must accept as true all facts alleged by the plaintiffs," *Daliberti v. Republic of Iraq*, 97 F. Supp. 2d 38, 42–43 (D.D.C. 2000). [W]hether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). All reasonable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A motion to dismiss is viewed with disfavor and is rarely granted; such a motion "'ordinarily should be granted sparingly and with caution to make certain that the plaintiff is not improperly denied a right to have [their] claim adjudicated on the merits.'" *Neighborhood Assistance Corp. of Am. v. Consumer Fin. Prot. Bureau*, 907 F. Supp. 2d 112, 121 (D.D.C. 2012) (quoting Wright & Miller, 5B Federal Practice and Procedure § 1349).

## A.  Rule 12(B)(1) For Lack Of Subject Matter Jurisdiction:

This Court held that "[a] court may dismiss a complaint brought under the FSIA only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief." *Daliberti v. Republic of Iraq*, 97 F. Supp. 2d 38, 42–43 (D.D.C. 2000), (emphasis added). Plaintiffs need only allege "sufficient facts to allow a reasonable inference" that the actions they complained of qualified for an exception to sovereign immunity under the FSIA and that Plaintiffs "adequately state[]" those claims in their complaint. *Id.   See also Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp 2d 16,21 n.8 (D.D.C. 2007) (The complaint allegations "if true, must show that the defendant's conduct falls within the ambit of at least one of the FSIA's exceptions to sovereign immunity").

"Although 'the District Court may grant a Fed. R. Civ. P. 12(b)(1) motion for lack of subject matter jurisdiction on the complaint alone,' 'where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).   Regarding factual challenges, the Court "may consider materials outside the pleadings" in order to determine whether it has subject matter jurisdiction over the challenged claims. *Youssef v. Embassy of the United Arab Emirates*, 2021 WL 3722742, at *5 (D.D.C. 2021) citing *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). "[W]here the Court seeks to rely upon its own resolution of disputed facts, it must provide an explicit explanation of its findings after affording appropriate procedural protections to the parties." *Sellers v. Anthem Life Ins. Co.*, 316 F. Supp. 3d 25, 32 (D.D.C. 2018) (internal punctuation omitted).[3]

## B.  Rule 12(B)(6) For Failure To State A Claim Upon Which Relief Can Be Granted:

To survive a 12(b)(6) motion, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Plaintiffs' legal claims need only be "plausible on their face," meaning that the facts pled must allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 667–68 (2009); *see also Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 16 (D.C. Cir. 2008) (holding that "a complaint does not need detailed factual allegations" but rather, pursuant to Rule 8, need only meet "the threshold requirement that the statement of a claim show that the pleader is entitled to relief.") (internal citations

---

[3] It is not appropriate or necessary to dispose of the motion with consideration of undisputed facts when those facts are intertwined with the merits of the case. *Id. See also Land v. Dollar*, 330 U.S. 731, 735, 738 (1947).

and quotations omitted). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its [judicial] experience and common sense." *Id.* at 679.

In ruling on 12(b)(6) motions, the Court can only consider facts alleged in the Complaint, documents attached thereto or incorporated therein, and matters judicially noticed. *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). *See also Gulf Restoration Network, Inc. v. Nat'l Marine Fisheries, Serv.*, 730 F. Supp. 2d 157, 164 (D.D.C. 2014), to "streamline[] litigation by dispensing with needless discovery and factfinding" where Plaintiff has not stated a claim. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

If the Court does not exclude any facts and accompanying issues presented by a defendant which are outside of the Complaint, the 12(b)(6) motion converts into Summary Judgment. *See* Fed. R. Civ. P. 12 (b) ("If…matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment…. "). If such a conversion occurs, then "both parties must be afforded a reasonable opportunity to submit affidavits and extraneous proofs."). *Sacks v. Reynolds Securities, Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978). *See generally Gordon v. Nat'l Youth Work All.*, 675 F.2d 356, 360–61 (D.C. Cir. 1982) (speaking to the different factual considerations allowed between a Rule 12(b)(1) and (b)(6), and analogizing Rule 12(b)(6) to Rule 56).

Summary judgment "is an extreme remedy" that "should be awarded only when the truth is quite clear." *Weiss v. Kay Jewelry Stores, Inc.,* 470 F.2d 1259, 1262 (D.C. Cir. 1972). The Court should act with caution on a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). The procedure is "reserved for cases where the material facts are so clear that a trial would be an empty exercise." *Popham, Haik, Schnobrich, Kaufman & Doty, Ltd. v. Mewcomb Securities Co.*, 751 F.2d 1262, 1266 (D.C. Cir. 1985).

In the Rule 12(b)(1) and 12(b)(6) context, Justice Ketanji Brown, then sitting in by designation on the U.S. D.C. Circuit Court found in the *Youssef* case as follows:

"[F]actual challenges relating to the FSIA employ a burden-shifting framework for determining whether or not an FSIA exception applies[.]" *CapitalKeys, LLC v. Dem. Rep. Congo*, No. 15-cv-2079 (KBJ), 2021 WL 2255362, at *8 (D.D.C. June 3, 2021) (internal quotation marks and citation omitted). The plaintiff seeking to establish the court's subject-matter jurisdiction "bears the initial burden of supporting [their] claim [an] FSIA exception applies." *Chevron Corp. v. Ecuador*, 795 F.3d 200, 204 (D.C. Cir. 2015). But once the plaintiff has met that initial burden of production, "the sovereign bears the ultimate burden of persuasion to show the exception does not apply[.]" *Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1183 (D.C. Cir. 2013).

*Youssef v. Embassy of the United Arab Emirates*, 2021 WL 3722742, at *5 (D.D.C. 2021).

## IV.     BRIEF STATEMENT OF FACTS

### A. Facts Common To All Plaintiffs:

Plaintiffs' employment was governed at all times by local employment contracts which were subject to annual renewal. ECF 1 at ¶¶ 34, 84,149,167. They were exemplary employees and received praise for their work. ECF 1 at ¶¶ 81, 107.

Their duties were administrative in nature.  Plaintiffs at all times were engaged in work as mere commercial third-country national employees, by their title and substance of their respective work. ECF 1 at ¶¶ 33, 80, 112, 113, 149, 151-2, 165. They never engaged in diplomatic, political or policy making work; they were not civil servants or Kingdom citizens. ECF 1 at ¶¶ 33, 83, 118, 153, 175. None of the Plaintiffs were offered the benefits of Defendants civil servants, including but not limited to, pay, leave, health insurance, full end-of-service pay, severance compensation. ECF 1 at ¶ 37. During employment, Plaintiffs suffered harassment and a toxic hostile work environment. ECF 1 at ¶ 26.

Plaintiffs', Elkholy, Hanna, Bashir and Zamrawy, positions continue to exist and were filled with someone much younger. ECF 1 at ¶ 54, 105. Plaintiffs' claims are premised on the existence of their respective employment relationships.  None of the Plaintiffs were terminated for cause. ECF 1 at ¶ 67, 106.

Plaintiffs Hanna, Gariballa, Bashir and Zamrawy all were precluded from filing their claims earlier due to the COVID-19 pandemic filing restrictions, court closures and access to administrative bodies, Exhibit 1 EEOC COVID-19 April 6, 2020, Memorandum not rescinded until May 19, 2023,

and Defendants own conduct of luring Plaintiffs to relied to their detriment that Defendants was not breaching their contract, engagement in protracted negotiations and promises.

1. Tarek Elkholy:[4]

Elkholy was employed by the Embassy as an Accounting Clerk and executed an employment contract which is renewed annually. ECF 1 at ¶32, 34, Exhibit 1 to Complaint (ECF 1-4). His termination letter was dated March 24, 2021, with an effective termination date of June 1, 2021. He was terminated on June 1, 2021." ECF 1 at ¶ 16. Elkholy filed a Charge of Discrimination with the EEOC on April 14, 2021, in which he alleged discrimination based on age, national origin, and retaliation. The EEOC issued a Notice of Right to Sue on November 14, 2022. ECF 1 at ¶ 16. The DCOHR was advised of the EEOC Charge of Discrimination consistent with the work sharing agreement application in D.C.[5] All filings were within the required time periods.

2. Atef Hanna:

Hanna was employed as a Consulate Processing Agent and Clerk and executed an employment contract which renewed annually. ECF 1 at ¶ 81, 83, Exhibit 2 to Complaint (ECF 1-5). His termination letter was dated March 24, 2021, with an effective termination date of June 1, 2021. He was terminated on June 1, 2021." ECF 1 at ¶ 17. Contrary to Defendants representation, Hanna filed a Charge of Discrimination with the EEOC not on March 8, 2024, but May 2021, had an interview scheduled for August 4, 2021 (see Exhibit 0, email confirmation of EEOC interview) based on claim filed wherein he alleged discrimination based on race, national origin and age. Despite multiple attempts from 2021-2024 to reach the EEOC for an update on his claim none was received until the EEOC issued a Notice of Right March 8, 2024, erroneously as untimely. The DCOHR would

---

[4] Plaintiff utilized Defendants format for ease of comparison.

[5] "When the state or local agency has a work sharing agreement with the EEOC, a complaint need not be filed separately with the state and federal agencies. *Davis*, 139 S. Ct. at 1846;…Once a charge is filed with one agency, the charge is relayed to the other and is deemed filed by both agencies. *See Davis*, 139 S. Ct. at 1846 (citing 29 C.F.R. § 1601.13); *Schuler*, 514 F.3d at 1372 (explaining that "charges received by one agency under the agreement shall be deemed received by the other agency for purposes of" the timeliness of a charge (quoting 29 C.F.R. § 1626.10(c)). Put differently, the work sharing agreement allows an individual who would ordinarily be required to file a discrimination complaint with both the state or local agency and the EEOC to file with either." *Lopez v. District of Columbia*, 2024 WL 1344435 at *9, March 29, 2024.

have been advised of the EEOC Charge of Discrimination consistent with the work sharing agreement application in D.C. n.3 *supra*. Hanna suffers from type 2 diabetes and was not able to avail himself of the EEOC filing earlier as he was seeking treatment for his medical conditions.

3.   Iman Gariballa:

Gariballa was employed as an Accounting/Personnel Manager of the Embassy. ECF 1 at ¶ 118 and Exhibit 9 of Complaint. She never had a written contract, and no forum selection clause exists between the parties. In February 2018, Gariballa departed her employ with the Embassy. ECF 1 at ¶ 141. Eight months later, on October 23, 2018, the Embassy tendered Gariballa a partial severance payment of "$25,385.60. ECF 1 at ¶ 144. Defendants continued to engage in protracted negotiation, promises of additional compensation pursuant to her oral employment contract as to, *inter alia*, final end of service and severance compensation until Defendants ultimately abandoned those negotiations and promises, breached their contract with Gariballa who immediately after which on February 10, 2020, Gariballa submitted an Employment Intake Questionnaire alleging discrimination based on national origin, disability, and hostile work environment with the DCOHR. Defts. Exhibit G (Gariballa DCOHR Inquiry and Dismissal); ECF 1 at ¶ 18. The DCOHR issued a dismissal on March 16/18, 2020. ECF 1 at ¶ 18.

At the time Gariballa executed the Receipt of Payment, on October 23, 2018, she was visually impaired suffering from, *inter alia*, macular degeneration, unable to read the document and concurrently advised by Defendants staff that the document was a mere receipt for the check as partial payment, and at no time was she advised that any release or waive language was contained therein. ECF 1 at ¶ 111. Her lack of file an EEOC complaint is subject to equitable tolling as argued below and as she was not able to access or read the DCOHR notice of termination and not required to do as she could file with either given the worksharing agreement. n.3 supra. Gariballa asserts that this agreement cannot be a settlement agreement and should be set aside.

4.   Muhammad Bashir:

Bashir was employed in an administrative job for 20 years in the training section of the Air Force in the Embassy office dealing with American training centers, which trained Saudi Students, ECF 1 at ¶ 148, 149, 151, and executed an annually renewable Employment Contract for Employees of Saudi Embassies and Consular Offices Overseas.  ECF 1 at 149, Exhibit 10 to Complaint (ECF 1-13). Bashir was forced out of his employment and terminated by the Embassy on August 1, 2017. ECF 1 at ¶ 19.  He filed an Employment Intake Questionnaire with DCOHR on February 10, 2020, alleging discrimination based on national origin, disability.  Defts. Exhibit H (Bashir DCOHR Inquiry and Dismissal); ECF 1 at ¶ 19.  The DCOHR issued a dismissal on April 3, 2020, for administrative convenience.  He did not file an EEOC complaint as he was not required to do as he could file with either given the work sharing agreement. n.3 *supra*. Additionally, at all times relevant to this matter, he suffers from stage- V kidney failure having endured a kidney transplant disease and was not able to avail himself of the EEOC filing earlier due to incapacity due to treatment for his medical conditions.

5.  <u>Abdalla Zamrawy</u>:

Zamrawy was employed with the Embassy as a driver.  ECF 1 at ¶ 165 and executed an annually renewal Employment Contract for Employees of Saudi Embassies and Consular Offices Overseas.  ECF 1 at ¶ 167, Exhibit 11 to Complaint (ECF 1-14). He was terminated by the Embassy on June 1, 2019 based on age.  ECF 1 at ¶ 20.  On January 10, 2020, he submitted with DCOHR an Employment Intake Questionnaire alleging discrimination based on national origin, age, and disability.  Defts. Exhibit I. The DCOHR issued a dismissal on January 31, 2020 for administrative convenience.  He did not file an EEOC complaint as he was not required to do as he could file with either given the work sharing agreement.  n.3 *supra*. Additionally, he suffers from metabolic syndrome, including, diabetes, high cholesterol, high blood pressure as well as severe back and knee disability and was not able to avail himself of the EEOC filing earlier as he was out of the country seeking treatment for his medical conditions from 2020 until then end of 2022 with the additional preclusion due to COVID-19 travel

restrictions.

## V.    ARGUMENT

The United States District Courts have original jurisdiction in actions against foreign states:

The District courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603 (a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 [of the FSIA] or under any applicable international agreement.

U.S.C. § 1330(a). Relatedly, 28 U.S.C. § 1330(b) states that: "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under section (a)…." 28 U.S.C. § 1330(b).

The FSIA is the only method for piercing sovereign immunity and bringing a suit against a foreign state. *MacArthur Area Citizens Ass'n v. Republic of Peru*, 809 F.2d 918, 919 (D.C. Cir.), modified, 823 F.2d 606 (D.C. Cir. 1987).

The commercial activity exception to sovereign immunity under the FSIA grants federal courts subject matter jurisdiction over suits against foreign states "in which the action is based upon a commercial activity carried on in the United States by the foreign state…." 28 U.S.C. § 1605(a)(2). Defendants necessarily concede that a "foreign state engages in commercial activity… only when it acts in the manner of a private player within' the market" citing *Saudi Arabia v. Nelson*, 507 U.S. 349, 360 (1993) (torture tort claim after bring suit in Saudi Arabia) (quoting *Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 614 (1992)).  ECF 29 at 17.

It is a well-established law in the D.C. Circuit for nearly 2 decades that employment of non-diplomatic personnel is a commercial activity falling within the commercial activity exception to sovereign immunity under the FSIA. *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 664 (D.C. Cir. 2007); *see also Youssef v. Embassy of the United Arab Emirates*, 2021 WL 3722742, at *6 (D.D.C. 2021) *Dahman v. Embassy of the State of Qatar*, 815 F. App'x 554 (D.C. Cir. 2020) (dismissed on other grounds).

10

Defendants argument that Plaintiffs claims are time barred is misplaced for Defendants employed a tactic of engaging in long-term post termination negotiations with Plaintiffs which they now ignore and seek to invert as a time bar to Plaintiffs' claims.  In light of Defendants ultimate breach of contract with Plaintiffs, intervening COVID-19 consequence on litigation and access to the courts and administrative proceedings, none of Plaintiffs claims are time barred.

Plaintiffs', Elkholy, Hanna, Bashir and Zamrawy, contract forum selection provision is inapplicable.  Defendants' assertion that these contracts contain a mandatory forum selection clause is unavailing as Plaintiffs cannot avil themselves of the forums and these Plaintiffs have ample evidence to overcome the lack of evidence in *Dahman v. Embassy of the State of Qatar*, 815 F. App'x 554 (D.C. Cir. 2020) (dismissed on *forum non conveniens* grounds).  Compelled to avail themselves of a forum selection clasue reserved for Kingdom civil servants, Plaintiffs would not, *inter alia*: have an opportunity for their claims to be adjudicated based on U.S. law; be represented by counsel which is forbidden; be afforded due process; have in country security; be granted access to the country to avail themselves of that forums; be safe and be subject to incarceration and punishment as a consequence of bring the claims.  The correct venue for their claims is this Court and *forum non conveniens* should not be considered. Therefore, Defendants assertion that Elkholy, Hanna, Bashir and Zamrawy claims should be dismissed on the grounds of *forum non conveniens* is misplaced.

As set forth below, this Court has subject-matter jurisdiction over this matter under the commercial activity exception to the FSIA, and Plaintiffs respectively state a claim upon which relief can be granted under that exception of which none are time barred. Any forum selection clause provisions of the Plaintiffs contracts are unavailable and in applicable; therefore, *forum non conveniens* dismissal is not appropriate. Plaintiffs demand for punitive damages is not precluded and comports with FSIA changes and trends. However, before reaching those arguments, the Court must dismiss Defendants' instant motion because it is procedurally defective as set forth below.

**A. This Court Should Also Refuse To Take Judicial Notice Of The Web Pages Of Foreign Governments For Lack Of Reliability:**

11

"In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). Defendants cite to Implementing Regulation For Human Resources in the Civil Service, published by the Ministry of Civil Service, Kingdom of Saudi Arabia should be stricken, and this Court should also refuse to take judicial notice of this defacto exhibit. ECF 29 at 19 n.1. Defendants' reliance on *Miller v. Downtown Bid Servs. Corp.*, 281 F. Supp. 3d 15, 18 (D.D.C. 2017) (Walton, J.) (quoting Abhe & Svoboda, Inc. v. Chao, 508 F.3d 1052, 1059 (D.C. Cir. 2007)) to support their claim that "[i]nformation publicly available on government websites" is "proper material for judicial notice" is inapplicable to ECF 29 at 19 n.1, as the web pages from what Defendants represented to be the Kingdom's website do not satisfy Fed. R. Evid. 201(b) governing judicial notice of adjudicative facts.

In *Pharmaceutical Research and Manufacturers of America v. Department of Health and Human Services*, 43 F. Supp. 3d 28 (D.D.C. 2014) this Court held that, pursuant to Fed. R. Evid. 201, "'the court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" *Id.* at 33 (quoting Fed. R. Evid. 201(b)(2)). This Court held that it regularly takes judicial notice of "information posted on official public websites of [U.S.] government agencies". *Id.*  In *Pharmaceutical Research*, the U.S. FDA was an uninterested third party and its website information was reliable and verifiable subject to U.S. government oversight contrary to the website Defendants cite. The Kingdom governmental agency website does not have unquestionable accuracy as those of the FDA, an uninterested United States agency, held by *Pharmaceutical Research and Manufacturers of America*. Therefore, this Court should refuse to take judicial notice of Defendants' referenced web site as well as strike it from the record.

**B. The Motion To Dismiss On Rule 12(B)(1) For Lack Of Subject-Matter Jurisdiction Should Be Denied Because The Defendants Do Not Enjoy Immunity Under The Foreign Sovereign Immunities Act:**

Only in FSIA cases where the plaintiff's claim rests "entirely upon activities sovereign in character" can it be held that "jurisdiction will not exist…." *Saudi Arabia v. Nelson*, 507 U.S. 349, 358 n.4 (1993). "[A] foreign state is not entitled to immunity per the statute when it acts in a commercial capacity, as opposed to a sovereign one. *See Bolivarian Republic of Venez. V. Helmerich & Payne Int'l Drilling Co.*, 581 US 179-180 (2017) (expropriation exception). *Youssef v. Embassy of the United Arab Emirates*, 2021 WL 3722742, at *6 (D.D.C. 2021) (employment commercial activity exception).

In *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 664 (D.C. Cir. 2007), the Circuit Court for the District of Columbia established a two-part test to determine if the FSIA commercial activity exception applies: (1) whether the employee is a "civil servant." *Id.* at 664. If the employee is a civil servant, no further analysis is needed, and the exception does not apply. *Id.*; and (2) if the employee is not a civil servant, the exception may still not apply if the employee engages in conduct involving "distinctively governmental powers." *Id.* at 661.  A foreign state claiming sovereign immunity to the commercial activity exception under the FSIA has the burden of proof. *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 665 (D.C. Cir. 2007).  Defendants have not met this burden.

Under this Circuit's *El-Hadad* line of cases, the commercial activity exception applies in this case, and this Court, therefore, has subject matter jurisdiction over Plaintiffs' claims, for the following reasons: (1) Plaintiffs are not a civil servants when applying the non-exhaustive *El-Hadad* test[6]; (2)

---

[6] First, how do the U.A.E.'s own laws define its civil service, and do El–Hadad's job title and duties come within that definition? Second, what was the nature of El–Hadad's employment relationship with the U.A.E.? Did he have a true contractual arrangement, or is his "contract" claim instead based, as the U.A.E. contends, solely upon the civil service laws of the U.A.E.? Third, what was the nature of El–Hadad's employment relationship when he worked in the U.A.E., and how did his subsequent employment at the Embassy relate to that prior tenure? The U.A.E. contends that El–Hadad was a longtime resident and member of its domestic civil service, who was merely "transferred" to Washington to perform the same functions (governmental audits) he had been performing at home. El–Hadad contends, on the other hand, that he quit his position in the U.A.E. and began a "new" job in the United States, "separate from his previous employment." Fourth, what was the nature of El–Hadad's work? As noted above, Congress indicated that the "employment or engagement of laborers, clerical staff or public relations or marketing agents" would come within the definition of commercial activity. Fifth, what is the relevance of El–Hadad's Egyptian nationality on the facts of this case? Is the U.A.E. a country in which, as the House Report assumed, non-nationals are unlikely to be employed as

13

Plaintiffs employment contracts are reserved solely for non-civil servant non-Kingdom third country nationals[7] to which Defendants invoke no Kingdom civil service law to the contrary; (3) Plaintiffs are not Kingdom citizens (ECF 1 at ¶ 29,79,111,148,162); (4) Plaintiffs' job titles and work do not involve the exercise of any policy-making, diplomatic, discretionary decisions, or state powers; and comes squarely under the FSIA commercial activity exception[8]; (5) the Cultural Division's work is commercial in nature and this does not preserve immunity; and finally, (6) Plaintiffs claims are based upon their employment relationship with the Defendants.

Defendants' argument that the commercial activity exception does not apply to Zamrawy, a driver for the Embassy, citing *Crum v. Kingdom of Saudi Arabia*, 2005 WL 3752271 at *5 (E.D. Va. 2005) is not availing and contrary to established D.C Circuit precedent. *Crum* relied on the *Kato v. Ishihara*, 360 F.3d 106 (2d Cir.2004) analysis, both non-binding decisions, contrary to the now well-established D.C. Circuit *El Hadad* lineage multi-tier analysis of determining FSIA commercial activity exceptions and civil servant determinations. Zamrawy had no specialized training for security, was not armed, had no ability to protect any passenger, and at no time was tasked with providing any security or safety precautions to his passengers as a driver. All of the parties referenced by Defendants who used the driving services of Zamrawy could have hired a taxi, Uber or Lyft to perform the identical service[9], therefore, the facts do not support a governmental function analysis based on security. Accordingly, it would be improper for this Court to rely on the analytical framework or factual context as set forth in *Kato* or *Crum*; it must instead follow the D.C. Circuit precedent set forth in the *El-Hadad* line of cases.

---

governmental officers? Or does the U.A.E. often employ non-nationals in governmental positions? *El-Hadad v. United Arab Emirates*, 496 F. 3d at 665.

[7] See Exhibit 2 Declaration of Jafar Jafari at para. 8 (confirming practice of outsourcing non-governmental jobs to non-civil servants).

[8] *El-Hadad v. United Arab Emirates*, 496 F. 3d at 667.

[9] Justice Ginsburg, while sitting as Judge on the United States Court of Appeals for the District of Columbia Circuit, reiterated the common holding that "[i]f the activity is one in which a private person could engage, it is not entitled to immunity". *Practical Concepts, Inc. v. Republic of Bolivia*, 811 F.2d 1543, 1549 (D.C. Cir. 1987).

All task of which could be reasonably "exercised by private parties". *See Saudi Arabia v. Nelson*, 507 U.S. 349, 360 (1993).  See Exhibit 2 Declaration of Jafar Jafari -third country national hired for administrative tasks. For these reasons and those set forth below, the protective hand of sovereign immunity does not reach Plaintiffs.

In conclusion, because the commercial activity exception applies, this Court has subject-matter jurisdiction and Defendants' motion to dismiss under 12(b)(1) must be denied.

**C. Plaintiffs Count I-ADEA And III-ADA And Plaintiffs Elkholy, Hanna, Bashir And Zamrawy Count II-DCHRA Age Discrimination Claims Do Not Warrant Rule 12(B)(6) Dismissal For Failure To Exhaust Administrative Remedy And Are Not Time Barred Due To Equitable Tolling:**

The time restrictions present in Title VII are not jurisdictional and are subject to principles of equitable tolling. *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C.Cir.1988). *Proctor v. District of Columbia,* 74 F. Supp 436 (D.D.C. 2014) holds that:

> For Title VII claims, the failure to properly exhaust administrative remedies is an affirmative defense and the defendant bears the burden of proof. Bowden v. United States, 106 F.3d 433, 437 (D.C.Cir.1997); *Colbert v. Potter,* 471 F.3d 158, 165 (D.C.Cir.2006); *Ellison v. Napolitano,* 901 F.Supp.2d 118, 124 (D.D.C.2012); *Dahlman v. Am. Ass'n of Retired Persons,* 791 F.Supp.2d 68, 76 (D.D.C.2011) (collecting cases). If the defendant meets this burden, then the burden shifts, and the plaintiff must "plead[ ] and prov[e] facts supporting equitable avoidance of the defense." *Bowden,* 106 F.3d at 437; *see also Terveer v. Billington,* No. 121290, 34 F.Supp.3d 100, 114, 2014 WL 1280301, at *8 (D.D.C Mar. 31, 2014). "[A]pplication of the doctrine of equitable tolling is solely within the Court's discretion." *Fortune v. Holder*, 767 F.Supp.2d 116, 121 (D.D.C.2011) (citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C.Cir.1998)). The Court will only exercise its equitable tolling power in a limited number of "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C.Cir.1988); *see also Smith v. Dalton,* 971 F.Supp. 1, 3 (D.D.C.1997) ("The tolling power is to be exercised only in extraordinary circumstances...."); *Strong–Fischer v. Peters,* 554 F.Supp.2d 19, 24–25 (D.D.C.2008). These instances include where "(1) 'a claimant has received inadequate notice,' (2) 'where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction,' (3) 'where the court has led the plaintiff to believe that she had done everything required of her,' or (4) 'where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon.'" *Bass v. Bair*, 514 F.Supp.2d 96, 99 (D.D.C.2007) (quoting Mondy, 845 F.2d at 1057).

*Proctor v. District of Columbia*, 74 F. Supp 436,455-456 (D.D.C. 2014).

Plaintiffs fall squarely into the *Proctor* and *Bass* enumerated instances of extraordinary circumstances warranting equitable tolling as itemized as follows:

Elkholy: Not Applicable. Filing was timely.

Hanna: (1) – Timey filed with the EEOC in May 2021, an interview was scheduled for August 4, 2021.  See Ex.0. However, EEOC did not respond with any letter or communication despite multiple calls and emails to them until Right to Sue letter dated March 8, 2024. Incorrectly states it was filed untimely; (2) – Defendants continued to engage in protracted negotiation, promises of additional compensation as to final end of service and severance compensation until Defendants ultimately abandoned those negotiations and promises, breached their contract; (3) – Shared filing between EEOC and DCOHR led plaintiff to believe no further action was necessary to file with DCOHR; and (4) – No counsel could be found or retained during COVID despite attempts.

Gariballa: (1) – Not Applicable; (2) – Defendants continued to engage in protracted negotiation, promises of additional compensation as to final end of service and severance compensation until Defendants ultimately abandoned those negotiations and promises, breached their contract; The response letter from DCOHR "dismisses this complaint for administrative convenience", implying no further action is required. Document does not establish explicit next steps, but does mention some additional courses of action (Private Cause of Action, Request to Reopen, Notice Regarding Potential Federal Claims), which all say "complainant may...", further indicating that there are no required additional actions, only optional ones. Complainant opted to pursue a private course of action in response to the DC OHR response letter as the next administrative remedy; and (4) - No counsel could be found or retained during COVID despite attempts.

Bashir: (1) – Not Applicable; (2) – Defendants continued to engage in protracted negotiation, promises of additional compensation as to final end of service and severance compensation until Defendants ultimately abandoned those negotiations and promises, breached their contract; (3) – The response letter from DCOHR "dismisses this complaint for administrative convenience", implying no further action is required. Document does not establish explicit next steps, but does mention some additional courses of action (Private Cause of Action, Request to Reopen, Notice Regarding Potential Federal Claims), which all state "complainant may...", further indicating that there are no required additional actions, only optional ones. Complainant opted to pursue a private course of action in response to the DC OHR response letter as the next administrative remedy; and (4) – No counsel could be found or retained during COVID despite attempts.

Zamrawy: (1) – Not Applicable; (2) – Defendants continued to engage in protracted negotiation, promises of additional compensation as to final end of service and severance compensation until Defendants ultimately abandoned those negotiations and promises, breached their contract; (3) – The response letter from DCOHR "dismisses this complaint for administrative convenience", implying no further action is required. Document does not establish explicit next steps, but does mention some additional courses of action (Private Cause of Action, Request to Reopen, Notice Regarding Potential Federal Claims), which all state "complainant may...", further indicating that there are no required additional actions, only optional ones. Complainant opted to pursue a private course of action in response to the DC OHR response letter as the next administrative remedy; and (4) – No counsel could be found or retained during COVID despite attempts.

Plaintiffs have alleged sufficient facts in the Complaint, although by no means a comprehensive averment of all the facts bearing on equitable tolling to support a defense of equitable tolling. Therefore, Plaintiffs in their respective EEOC and/or DCHRC flings, albeit in some instances beyond the

articulated 300-day window, have met exhaustion of their administrative remedy of putting Defendants on notice of their claims due to meeting the equitable tolling standard.

For all Plaintiffs, their EEOC and/or DCHRC filing adequately put Defendants on notice[10] as to their claim. Arguing that a Plaintiff did not check a box but stated equivalent words in the brief space provision is unavailing to preclude notice and prevent the advance of a cause of action before the court. The Complaint does not advance any new substantive theory which is fundamentally distinct from the original charges as the claims in the Complaint relate to and grow out of the original EEOC and/or DCHRC charge. *Cf. Wilson v. Commc'ns Workers of Am.*, 767 F. Supp. 304, 306 (D.D.C. 1991) (holding amendment added a new substantive theory).

As discussed above, once a charge is filed with one agency, the charge is relayed to the other and is deemed filed by both agencies. *See* Fort Bend County, Texas v. *Davis*, 58 7 U.S. 541 (citing 29 C.F.R. § 1601.13); *Schuler v. Pricewaterhouse Coopers, LLP*, 514 F.3d 1365, 1372 (D.C. Cir. 2008) (explaining that "charges received by one agency under the agreement shall be deemed received by the other agency for purposes of" the timeliness of a charge (quoting 29 C.F.R. § 1626.10(c)). In light of this holding, Defendants argument as to failure to file or give notice between EEOC and DCHRC fails.

To merit equitable tolling, [Plaintiffs] must also show that extraordinary circumstances prevented [them]from meeting [their] filing deadlines. Equitable tolling is meant to "ensure[ ] that the plaintiff is not, by dint of circumstances beyond his control, deprived of a reasonable time in which to file suit." *Dyson v. District of Colombia*, 710 F.3d 415 (D.C. Cir. 2013) citing *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 279 (D.C.Cir.2003).

### D. Plaintiffs Gariballa Bashir And Zamrawy Breach Of Contract Claims Are Not Time Barred And Rule 12(B)(6) Motion Should Be Denied:

When jurisdiction arises under the FSIA, the local forum's statute of limitations applies to the action. "In the District of Colombia, the statute of limitations for breach of contract is three years, and

---

[10] *Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C. Cir. 1995).

it begins to run at the time of breach. *See* D.C. Code § 12-301(7)" *Armanda V Republic of Columbia*, 821 F. Supp. 2d 268 (D.D.C. 2011); *Murray v. Wells Fargo Home Mortg.,* 953 A.2d 308, 319-20 (D.C.2008). "Equitable tolling" permits a plaintiff to avoid the bar of the limitations period if despite all due diligence she is unable to obtain vital information bearing on the existence of her claim. *Charles v. Brennan,* 174 F.Supp.3d97 (D.D.C. 2016).

Court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances; such instances include where (1) claimant has received inadequate notice, (2) affirmative misconduct on part of defendant lulled plaintiff into inaction, (3) court has led plaintiff to believe that she had done everything required of her, or (4) motion for appointment of counsel is pending and equity would justify tolling statutory period until motion is acted. *Miller v. Rosenker*, 567 F. Supp. 2d 158 (D.D.C. 2008)

Plaintiffs are meeting these equitable tolling extraordinary circumstances and warrant equitable tolling for they at all times exercised due diligence in preserving their legal rights. And the circumstances in this case and these claims is not mere excusable neglect. *See supra* section C. Further Defendants subject to "equitable estoppel" precludes a defendant, because of his own inequitable conduct – such as promising not to raise the statute of limitations defense – from invoking the statute of limitations." *Chung v. U.S. Dept. of Justice*, 333 F.3d 273 (D.C. Cir 2003) citing *Currier v. Radio Free Europe,* 159 F.3d 1363, 1367 (D.C.Cir.1998). Given Defendants own conduct of luring Plaintiffs to relied to their detriment that Defendants was not breaching their contract, engagement in protracted negotiations and promises equitable tolling is appliable. "[Plaintiffs] understandably would be reluctant to file a complaint with the EEOC for fear [they] would jeopardize [their] chances to gain relief of voluntarily" based on Defendants specifics statement thereto (emphasis omitted). *Chung*, at 158.

For all the above premises, Defendants' motion to dismiss under Rule 12(b)(6) should be denied in every aspect.

**E.  The Motion To Dismiss Based Ekholy's Count II DCHRA Should Be Denied:**

Defendants' argument that Elkholy's DCHRA claim does not meet the "but-for" test fails. This

court held in *Valore v. Islamic Republic of Iran*, 700 F. Supp.2d 52, (D.D.C. 2010) as follows:

> "…[C]oncerning causation, "there is no 'but-for' causation requirement" for claims made
> under the FSIA. *In re Islamic Republic of Iran Terrorism Litig.,* 659 F.Supp.2d at
> 42. In *Kilburn v. Socialist People's Libyan Arab Jamahiriya,* a case which interpreted the
> substantially similar § 1605(a)(7) that is now § 1605A, this Circuit noted that in the FSIA,
> "the words 'but for' simply do not appear; only 'caused by' do." 376 F.3d 1123, 1128
> (D.C.Cir.2004). Adopting the Supreme Court's approach to a different but similarly worded
> jurisdictional statute, the Circuit interpreted the causation element "to require only a showing
> of 'proximate cause.'" *Id.* (citing *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock
> Co.,* 513 U.S. 527, 536–38, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995)). "Proximate cause
> exists so long as there is 'some reasonable connection between the act or omission of the
> defendant and the damages which the plaintiff has suffered.'" *Brewer,* 664 F.Supp.2d at
> 54 (construing causation element in § 1605A by reference to cases decided under §
> 1605(a)(7)) (quoting *Kilburn,* 376 F.3d at 1128).

*Valore v. Islamic Republic of Iran*, 700 F. Supp.2d 52, 66 (D.D.C. March 31, 2010) (Finding that

Plaintiffs had sufficiently alleged causation due to reasonable connection between acts of defendants

and Plaintiffs injury).

**F.  The Motion To Dismiss Plaintiff Gariballa's Breach Of Contract Claim, Count IV, Based
   On Prior Agreement And Release Should Be Denied:**

As stated above in the Gariballa fact section, Defendants engaged in protracted negotiation,

promises of additional compensation pursuant to her oral employment contract as to, *inter alia*, final

end of service and severance compensation until Defendants ultimately abandoned those negotiations

and promises, breached their contract with Gariballa who immediately after which on February 10,

2020, Gariballa submitted an Employment Intake Questionnaire. Gariballa at all times acted in good

faith in the ongoing negotiations with Defendant and relied to her detriment on their promises of final

additional compensation which she was entitled to in the ordinary course given the Defendants

directive, protocols and memorandum applicable to her and other non-Saudi non-civil servant

employees.  At no time did Defendants state to Gariballa that the "Receipt" was a final payment or

settlement, therefore, she was duped into signing it with Defendants taking advantage of her lack of

vision. Accordingly, if this agreement could be characterized as final settlement it should be set aside

on the grounds of fraud and misrepresentation at the time of execution even if inadvertent. *See Sununu v. Philippine Airlines, Inc.,* 792 F.Supp. 2d 39 (D.D.C. June 20, 2011).

**G. The Motion To Dismiss Based On *Forum Non Conveniens* As To Plaintiffs' Elkholy, Hanna, Bashir And Zamrawy Claims Should Be Denied:**

The trial court has discretion whether to dismiss a case for *forum non conveniens*. *D&S Consulting, Inc. v. Kingdom of Saudi Arabia*, No. 17-0787 at 5 (D.D.C. 2018). "A forum non conveniens dismissal denies audience to a case on the merits…. A district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (emphasis added). None of those consideration weigh in favor of Defendants or dismissal based on *forum non conveniens*.

Before considering Defendants' *forum non conveniens* argument based on the arbitration clause in Plaintiffs' Elkholy, Hanna, Bashir and Zamrawy employment contracts, it must be determined whether the arbitration clause is applicable in the first instance. "Arbitration is a matter of contract…. Thus, the Supreme Court has directed that 'the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute.'" *Ryan v. BuckleySandler, LLP*, 69 F. Supp. 3d 140, 144 (D.D.C. 2014) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985)). *See also Imperial Valet, Inc. v. Woodard,* No. 14-CV-01585 (APM), 2015 WL 13158506, at *1 (D.D.C. Mar. 24, 2015) ("Although the law recognizes a strong presumption in favor of arbitration, a party cannot be compelled to arbitrate claims to which it has not agreed."). The federal policy in favor of arbitration "applies only with respect to the scope of an arbitration clause; not whether the parties have entered into an arbitration agreement in the first instance." *Ryan*, 69 F. Supp. 3d at 144. "Whether a claim falls within the scope of an arbitration agreement turns on the factual allegations in the complaint." *Imperial Valet,* 2015 WL 13158506 at *4 (internal quotations and citation omitted). To that end:

Courts have distinguished a "narrow" arbitration clause that "covers only specified types of disputes" from a "broad" arbitration clause that provides generally that disputes "arising under" or "concerning" the contract are covered. . . The [United States] Supreme Court has indicated that when an arbitration agreement contains the dual phrases "arising out of or relating to," it is proper to interpret the agreement broadly to cover matters that touch upon the contract to be arbitrable.

*Dowley v. Dewey Ballantine, LLP*, No. CIV.A. 05-622(EGS), 2006 WL 1102768, at *7 (D.D.C. Apr. 26, 2006) (quoting *Nat'l R.R. Passenger Corp. v. Boston and Maine Corp.,* 850 F.2d 756, 762 (D.C. Cir. 1988)). Any conflicting language should be construed against the drafter, the Defendants, and the arbitration clause deemed unenforceable. *Davis v. Joseph J. Magnolia, Inc.,* 640 F. Supp. 2d 38, 46 (D.D.C. 2009).

Furthermore, the arbitration clause in Plaintiffs Elkholy, Hanna, Bashir and Zamrawy employment contract does not encompass the age discrimination claims averred in violation of the ADEA and DCHRA.  The language of the clause, drafted solely by the Defendants, is narrowly drafted using the phrase "arising under," not the broadly interpreted Dowley dual phrase, to apply to specific specified disputes over the terms, interpretation, and termination of the contract itself. Therefore, it does not encompass Plaintiffs' Elkholy, Hanna, Bashir and Zamrawy age discrimination claims and is inapplicable to this case.

Defendants' assert that the employment contracts of Elkholy, Hanna, and Zamrawy state:

The Arabic version of this contract is the original version. And any complain or claim that may arise over any the provisions of this contract shall be submitted to the Board of Grievances of the Kingdom of Saudi Arabia for settlement. In accordance of the rules and regulations of the board and its procedural rules. The ruling of the board shall be binding and final.

ECF 1-4, 1-5, and 1-14; Pl. Exhibits 1, 2, and 11 of the Complaint.

Defendants' assert that the employment contract of Bashir states:

The Arabic version of this contract shall be considered an original and any dispute between the two parties over any of the provisions of this contract shall be referred to the Civil Service Bureau in the Kingdom of Saudi Arabia for settlement.  The ruling of the Bureau shall be final.

ECF 29 at 10.

Elkholy, Hanna, and Zamrawy's contract calls for submission to the Board of Grievances in Saudi Arabia.  This forum is unavailable to the Plaintiffs for the reasons set forth in Exhibit 2 Declaration of Jafar Jafari and Exhibit 3 Elkholy EEOC submission (change in circumstances preclude Plaintiff from availing himself of this provision and forum). Further, this contract provision calls for "any complaint or claim that may arise over any the provisions of this contract." Though the U.S. and D.C. law claims arise as a result of Defendants' treatment of Plaintiffs in the course of their respective employment if does not arise from a provision of Elkholy, Hanna, and Zamrawy's contract.

Bashir's contract calls for submission to the Civil Service Bureau in the Kingdom of Saudi Arabia.  This forum is unavailable to Bashir for the reasons set forth in Exhibit 2 Declaration of Jafar Jafari and Exhibit 3 Elkholy EEOC submission (change in circumstances preclude Plaintiff from availing himself of this provision and forum).  Further, this contract provision calls for "any dispute between the two parties over any of the provisions of this contract".  Equally, as with Elkholy, Hanna, and Zamrawy, the U.S. and D.C. law claims arise as a result of Defendants' treatment of Plaintiffs in the course of Bashir's employment yet does not arise from a provision of his contract.  Further, Bashir is clearly a non-civil servant over which there is no immunity available to Defendants. Referal to a body reserved for civil servants necessary precludes Bashir from availing himself to it for any resolution of disputes and especially U.S. and D.C. claims which are outside of rules and regulation pertaining exclusively to Saudi civil servants of which Bashir is not a class.

Accordingly, these provisions cannot be deemed "all encompassing" nor the "sole and exclusive remedy for any claims and disputes" *Ryan v. BuckleySandler LLP*, 69 F. Supp. 3d 140, 142 (D.D.C. 2014). *Cf Nelson v. Insignia/Esg, Inc.*, 215 F. Supp. 2d 143, 158 (D.D.C. 2002) (holding that an arbitration agreement which broadly read "any dispute arising out of or relating to this [employment] Agreement, the plaintiff's performance or the defendant's performance thereunder, the terms and conditions of the plaintiff's employment by the defendant, and/or the termination of such employment

shall be resolved by binding arbitration" encompassed, *inter alia*, employee's gender and race discrimination claims) (internal punctuation omitted).

Defendants' reliance, therefore, on *D&S Consulting, Inc. v. Kingdom of Saudi Arabia*, 961 F.3d 1209, 1213 (D.C. Cir. 2020) to dove tail D&S' forum selection clause and equate it to Plaintiffs 2 clauses is unavailing for they are necessary so distinct that D&S holding is not controlling. In an area of law where precise words matter, D&S clause provides: "…any disputes or claims arising from the execution of this contract, or related to this contract, or resulting from its dissolution." *D&S Consulting, Inc. v. Kingdom of Saudi Arabia*, 961 F.3d 1209, 1213 (D.C. Cir. 2020). The scope of inclusion is impactfully dissimilar as Plaintiffs' clause narrowly provides: "any of the provisions of the contract", namely the terms but *not* other causes of actions. Provisions in the contract context is defined as a term in the contract, not a cause of action.

Defendants' reliance on *Dahman* is inapposite. Mr. Dahman's employment contract provided that "[a]ll disputes arising under this Local Employment Contract… [and] any remaining dispute, controversy or claim arising out of or relating to this Local Employment Contract, or the breach, termination or invalidity thereof…" *Dahman v. Embassy of the State of Qatar*, 364 F. Supp. 3d 1, 4-5 (D.D.C. 2019). This provision is far broader and more inclusive in scope than can be attributed to the instant clauses which cannot be deemed similarly all-encompassing to sweep in these Plaintiffs' discrimination and age statutory claims.

Though the D.C. Circuit *Dahman* court at 558 found that "Dahman did not present enough evidence" or make a "strong showing to render the forum selection clause unenforceable", in this case, Saudi Arabia is truly an unavailable forum as these Plaintiffs. In this instance where their claims cannot be adjudicated and they will be deprived of their day in court couple with the stark reporting on country conditions, it must be against public policy to send Plaintiffs to a forum and risk their lives or imprisonment merely for bringing claims against the Kingdom for its bad acts. See Exhibit 2

Declaration Jafar Jafari and exhibits attached thereto, incorporated herein by reference. Exhibit 4 U.S. Dept. of State country report.

Certainly, on these facts, in consideration of the *D&S* "public interest factors" coupled with consideration of convenience, fairness, or judicial economy weigh in favor of Plaintiffs. *D&S Consulting, Inc. v. Kingdom of Saudi Arabia*, 961 F.3d 1209, 1214 (D.C. Cir. 2020). Accordingly, these forum-selection clauses are not "applicable, mandatory, valid, and enforceable", therefore, relief under the doctrine of *forum non conveninens* is inapplicable. *Id*. at 1213. Such a finding does no "reflect a parochial concept that all disputes must be resolved under our laws and in [U.S.] courts" because these Plaintiffs' dispute are precisely and narrowly governed by U.S. law and only adjudicable in U.S. courts. *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).

**H.  The Motion To Strike Plaintiffs Demand For Punitive Damages Should Be Denied:**

Defendants motion to strike punitive damages must be denied for the FSIA amendments and trends in ruling no longer preclude Plaintiffs from seeking punitive damages against Defendants. *See Beer v Islamic Republic of Iran*, 789 F. Supp. 14, 671 (D.D.C. 2011) (Chief Judge Royce C. Lambert ruled award of $300 million in punitive damages against a foreign state warranted based on new amendments to FSIA 28 U.S.C.A § 1605A). Interest of constraint relating to imposition of punitive damages "are not implicated in the FSIA context,". *Id*. at 26. Defendants truncate their quote to 28 U.S.C. § 1606 which provides in pertinent part as to punitive damages that "… the foreign state except agencies and instrumentalities thereof shall not be liable for punitive damages".  As the Embassy is an agency and instrumentality it is may be liable for punitive damages.  See 28 U.S.C. § 1606. Consequently, the Court must not strike the punitive damages demand.

## CONCLUSION

For the reasons stated herein, this Court must deny Defendants' motion to dismiss Plaintiffs' Complaint. This Court has subject matter jurisdiction under the FSIA, and Defendants have not met and cannot meet their burden to prove that the FSIA's commercial activity exception is inapplicable in

this case.  Moreover, the *El-Hadad* analytical tests required for this Court to have subject-matter jurisdiction pursuant to the commercial activity exception of the FSIA, have been squarely met by Plaintiff.

Further, the non-merit defenses raised by Defendants fail. Defendants' *forum non conveniens* argument fails all three possible legal tests for determining enforcement and favor Plaintiffs, weighing against enforcement of the forum selection clause in the circumstances of this case.

Plaintiffs' claims are timely in consideration with equitable tolling. Nonetheless, Plaintiffs herein seek leave to amend the Complaint to remedy any pleading deficiencies asserted by Defendants or in the event this Court finds the Complaint wanting of facts and averments to meet their burden. This Court, in *Greer v. Board of Trustees of University of District of Columbia,* 113 F.Supp.3d 297 D.D.C. July 10, 2015) held that leave to amend shall be freely given as follows:

> "Leave to amend a complaint is within the court's discretion and should be given "freely" "when justice so requires." *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996), Fed.R.Civ.P. 15(a)(2). The Supreme Court has instructed that leave should be allowed absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The court may deny leave to amend "on grounds of futility where the proposed pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Secs. Litig.,* 629 F.3d 213, 215–16 (D.C.Cir.2010)."

*Greer v. Board of Trustees of University of District of Columbia*, 113 F.Supp.3d 297, 312 D.D.C. July 10, 2015)

Leave to amend in the instant case should be given as no undue delay or prejudice would inure to the parties or the Court and deficiencies asserted by Defendants may be resolved by more robust and specific pleading and are not futile. Finally, Plaintiff, pursuant to Rule 7(f) of the Rules of the U.S. District Court for the District of Columbia, requests an oral hearing as to the arguments herein, if the Court deems such to be warranted.

Respectfully submitted,

_____/s/ Sylvia J. Rolinski_____

Sylvia J. Rolinski, Esq.
D.C. Bar No.430573
Rolinski Law Group, LLC
14915 River Road
Potomac, MD 20854
Office: (301) 987-0202
Fax: (301) 263-7100
Email: SJR@Rolinski.com
*Counsel for Plaintiffs*